Curia, per

ButleR, J.
It was proved beyond doubt that the defendant had been guilty of an unjustifiable trespass on the plaintiff’s property. I can see very little to excuse, and nothing' to justify his conduct. He undertook, by unauthorized violence, to redress the grievance of his own slave, not at the time when the insolence complained of was offered, but with deliberation, he pursued the plaintiff’s servant and beat her in her own house. Common courtesy required that he should have complained to the plaintiff, if he had any cause of complaint, before he took redress in his own hands. The great object of the law is to give security to the enjoyment of property, free from an illegal interference with it against the consent of the owner. The position of a man enables him generally to maintain a practical control and protection over his own property without appealing to the law. But a woman must look to the law alone for protection when her rights are invaded and her feelings insulted by one who has neither a sense of justice, or courtesy to respect them ; and it would be a reproach to the administration of justice, were a jury allowed to find against such a plaintiff, where she had established an undeniable cause of action. It will not do for the law to allow redress and permit its tribunals to deny it. Frivolous actions should not be countenanced, but juries must respect the legal position, and even technical right of parties in Court. In the case under consideration, the plaintiff established a clear legal cause of action, and the jury had no right to find for the defendant. Such is the purport of the decision in the case of Norrel vs. Thompson, (2 Hill, 470,) that if a trespass be proved, the plaintiff is entitled to some damages, though they may be nominal ; and when in such case, the presiding judge instructed the jury that, as the trespass was inconsiderable, they might find for the defendant, which they did, a new trial was granted.
My brother O’Neall has mentioned to me another case, tried at New-berry, more like this, but much stronger for the defendant. The plaintiff’s negro was whipped by a patrol. It appeared that the negro had a ticket at the time, which did *not designate the place he should go ; the defendant thought the ticket legally insufficient, and whipped the slave ; the jury found a verdict for the defendant, which was set aside by the Court of Appeal, on the ground that the defendant had no legal justification, and that the jury were bound to find something for plaintiff; which was the result of a second trial.
The motion in this case is granted.
The whole Court concurred.